**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CR-05-149-C |
| | ) |
| PAMELA LYNN TROUT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Reconsider the Issue of Non-party Entities' Motions to Quash Subpoenas filed by Defendant Pamela Lynn Trout (Trout). The non-parties filed an expedited response, thus the motion is now at issue. Plaintiff, the United States of America, takes no position on the disposition of this motion.

Trout moves the Court to reconsider its grant of multiple non-party[1] motions to quash on the ground that she confessed the motions by failing to respond to each one. Trout states that while her response clearly refers to the William T. Egolf Revocable Trust (WTERT), she intended for her response to collectively respond to all Egolf Entities' motions to quash. The Egolf Entities primarily proffer the same general arguments previously addressed by the Court in its February 24, 2006, order with regard to the William T. Egolf Revocable Trust.

---

[1] The non-party entities are as follows: the Egolf Holding Corporation; Petroleum Properties Management Company, L.L.C.; Egolf Family Limited Partnership; Egolf Energy Corporation; Brian F. Egolf Family Trust; and the Louise Anne Egolf 1999 Family Trust (collectively, the Egolf Entities).

In addition, the Egolf Entities also argue that document requests made to entities from which Trout did not allegedly embezzle funds are irrelevant.

Here, the document requests made in the Egolf Entities' subpoenas do not perfectly mirror those of the WTERT subpoena. Trout bears the burden of demonstrating how each document request qualifies under United States v. Nixon, 418 U.S. 683, 699 (1974). Trout has not fully framed, developed, and supported a reasoned argument with legal authority for each document request in the Egolf Entities' subpoenas. See Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court [i]s not obligated to comb the record in order to make [a party's] arguments for him.").

Nonetheless, Trout does request several categories of documents from the Egolf Entities that either mirror, or are sufficiently similar, to portions of the WTERT subpoena. Contrary to the Egolf Entities' argument, Trout's document requests are not irrelevant even though the embezzlement charges pending against Trout do not directly involve the majority of the Egolf Entities. The Egolf Entities are highly interconnected with money flowing from entity to entity; Trout was an officer with varying levels of authority or responsibility in all the Egolf Entities; and the documents will demonstrate the various audit, review, and reconciliation protocols for each entity—all of which may show that Trout completed the disputed transactions with or without official approval. Accordingly, the same reasoning in denying WTERT's motion to quash, along with the same time frame for production, would also apply to the following sections of the Egolf Entities' motions:

  1.  The Egolf Holding Corporation subpoena §§ A (limited to past and present officers), E-G, and I;[2]
  2.  The Petroleum Properties Management Co. subpoena §§ A, B, E, F, J, S, and T;[3]
  3.  The Egolf Family Limited Partnership §§ A, B, D, J-L;[4]
  4.  The Egolf Energy Corporation §§ A-C, F-H, J-L, N-P;[5]
  5.  The Brian F. Egolf Family Trust §§ A-M;[6] and
  6.  The Louise Anne Egolf 1999 Family Trust §§ A-M.[7]

Therefore, to the extent that Trout's subpoenas to the Egolf Entities do not duplicate documents produced by WTERT, but request the same type or categories of documents previously approved by the Court in its February 24, 2006, order, Trout's Motion to Reconsider [Dkt. No. 53] is **GRANTED** as delineated above. In all other respects, Trout's motion is denied.

The Egolf Entities' request that Trout pay for copying costs up front, and time and labor to retrieve, produce, and organize responsive documents is denied, but subject to

---

[2] The Egolf Holding Corporation states that documents responsive to §§ C and D, bank statements and bank reconciliations respectively, do not exist.

[3] The Petroleum Properties Management Co. states that documents responsive to §§ H and M, financials/cash flow statements and cash sheets respectively, have already been produced.

[4] The Egolf Family Limited Partnership states that documents responsive to §§ E-I, bank statements, bank reconciliations, tax records, financials/cash flow statements, and cash sheets respectively, have already been produced.

[5] The Egolf Energy Corporation states that documents responsive to § E, cash sheets, have already been produced.

[6] The Brian F. Egolf Family Trust states that documents responsive to § D, cash sheets, have already been produced.

[7] The Louise Anne Egolf 1999 Family Trust states that documents responsive to § D, cash sheets, have already been produced.

reconsideration. The Egolf Entities are to produce the appropriate documents requested by Trout, and approved by this Order, at the offices of McAfee & Taft in Oklahoma City, Oklahoma, on or before noon, Friday, March 31, 2006.

IT IS SO ORDERED this 17th day of March, 2006.

ROBIN J. CAUTHRON
United States District Judge